UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. DIAZ, | No. 2:14-cv-0612 DAD P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| 9TH DISTRICT COURT OF CALIFORNIA, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons set forth herein, the undersigned grants petitioner's request to proceed in forma pauperis but recommends dismissal of this action without prejudice.

Petitioner commenced this action when he was incarcerated at Deuel Vocational Institute (DVI). The "Inmate Locator" website[1] operated by the California Department of Corrections and Rehabilitation indicates that petitioner is now incarcerated at Salinas Valley State Prison.

/////

---

[1] See http://inmatelocator.cdcr.ca.gov/. This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

1   Petitioner has submitted a declaration that makes the showing required by Section
2   1915(a). Accordingly, his request to proceed in forma pauperis will be granted. 28 U.S.C. §
3   1915(a).
4   However, petitioner's application for a writ of habeas corpus must be dismissed. The
5   failure of petitioner to utilize the appropriate form or name the proper respondent would not be
6   fatal,[2] were it not for the following additional deficiencies. In his petition petitioner alleges that
7   petitioner is "not appealing [his] conviction [but] . . . challenging the 3 strike[s] law itself." (ECF
8   No. 1 at 3.) In this regard, petitioner explains:

> I am in the process of appeal; Appealing the conviction itself; This petition is not my appeal, its challenging the CA. 3 Strike law, as unconstitutional law.

11  (Id. at 5.)
12  It is clear from this allegation that petitioner has not exhausted his claim by presenting it
13  first to the highest state court.[3] The exhaustion of state court remedies is a prerequisite to this
14  court's consideration of a petition for writ of habeas corpus under § 2254, absent demonstration
15  of a recognized exception to this requirement, not presented here. See 28 U.S.C. § 2254(b)(1). A
16  petitioner satisfies the exhaustion requirement by providing the state's highest court with a full
17  and fair opportunity to consider all claims before presenting them to the federal court. Picard v.
18  Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).
19  Petitioner's concession that his direct appeal was pending when he commenced this action
20  demonstrates his failure to first exhaust state court remedies. Moreover, there is no authority for
21  petitioner's abstract challenge to the constitutionality of California's Three Strikes Law. See U.S.

---

[2] Petitioner's application is set forth on a form used to pursue a habeas corpus action in the California courts. Moreover, petitioner has improperly identified the respondent in this action as the "9th Dist. Court Calif." The proper respondent in a petition for writ of habeas corpus is the state officer having physical custody of petitioner. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

[3] Even if petitioner was challenging California's Three Strikes Law as applied to him, this court is generally without authority to consider such a claim. See e.g. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002) (state law sentencing claims fail to state federal constitutional claims entitled to federal habeas review).

Const. art. III, § 2 (federal court jurisdiction limited to active cases and controversies).

For these reasons, petitioner's application for a writ of habeas corpus must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis.

2. The Clerk of Court is directed to change petitioner's address of record to Salinas Valley State Prison, P.O. Box 1050, Soledad, CA 93960-1050.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

In addition, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), die to petitioner's failure to allege a cognizable claim for federal habeas relief and due to his failure to first exhaust his claims in state court.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 26, 2014

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
diaz0612.hc.dsms.scrn

3